UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON MENDEZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>  Defendants. | Case No. 23-cv-00829-TLT<br><br>**ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDERING BRIEFING FOR MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 22 |

On March 7, 2023, Plaintiffs Milton Mendez, Guillermo Medina Reyes, Cruz Leandro Martinez Leiva, R.H.M., and E.O.A.R. ("Plaintiffs") filed an ex parte motion for a temporary restraining order ("TRO").  *See* Pls. ['] Mot. for TRO, ECF No. 22.  In its discretion, the Court finds this motion suitable for determination without oral argument.  Civ. L.R. 7-1(b).

Having carefully considered Plaintiffs' ex parte motion, the relevant legal authority, and for the reasons below, the Court hereby **DENIES** Plaintiffs' motion for a TRO because Plaintiffs have failed to show compliance with the notice requirements of Federal Rule of Civil Procedure 65 and Northern District of California Civil Local Rule 65-1.

**I.  LEGAL STANDARD**

Injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2009).  A plaintiff seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).  To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has

been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Assuming that this threshold has been met, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of [preliminary injunctive relief], so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In addition to satisfying the above requirements, a movant seeking the issuance of an ex parte TRO must satisfy Federal Rule of Civil Procedure 65(b), which requires that "the movant's attorney certifies in writing any efforts made to give notice [of the TRO] and the reasons why [notice to the adverse party] should not be required." Fed. R. Civ. P. 65(b)(1)(b).

## II. DISCUSSION

The Court finds that it would be inappropriate to grant Plaintiffs' ex parte motion because Plaintiffs have failed to show compliance with the notice requirements of Federal Rule of Civil Procedure 65 and Civil Local Rule 65-1. Under Northern District of California Civil Local Rule 65-1(a)(5), "[a] motion for temporary restraining order must be accompanied by: [a] declaration by counsel certifying that notice has been provided to the opposing party or explaining why such notice could not be provided." Civ. L.R. 65-1(a)(5). In addition, Federal Rules of Civil Procedure Rule 65(b) specifies that a court may issue a TRO without notice to the adverse party only if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). There are "very few circumstances justifying the issuance of an ex parte TRO." *Reno*, 452 F.3d at 1131. For example, courts have granted an ex parte TRO "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Id.* Courts have also recognized "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Id.*

The Court has carefully and thoroughly reviewed Plaintiffs' 214-page ex parte motion, including the several attached declarations and exhibits. Although the Court recognizes the gravity of the issues raised by Plaintiffs in their motion for a TRO, the Court must deny Plaintiffs' ex parte motion without prejudice because the motion fails to comply with the requirements of Federal Rule of Civil Procedure 65 and Northern District of California Civil Local Rule 65-1. Specifically, Plaintiffs have not presented evidence that they notified Defendant The GEO Group, Inc. ("GEO") of the TRO, nor have Plaintiffs offered any reason or good cause why notice of the motion should not be required here.

The record before the Court shows that Plaintiffs filed their complaint on February 23, 2023. ECF No. 1. On February 28, 2023, Plaintiffs filed a proof of service indicating they had served GEO via U.S. Postal Service certified mail. ECF No. 10. As of the date of this Order, GEO has not appeared in this action. In support of Plaintiffs' motion for a TRO, Plaintiffs' counsel filed a declaration stating that on "March 7, 2023, at 8:59 a.m. Pacific Time, [she] emailed…Susan Coleman, partner at Burke, Williams & Sorenson, LLP (counsel for Defendant GEO Group, Inc. ("GEO") in other matters), informing them of Plaintiffs' intention to move for a [TRO] if they did not provide detailed information and halt transfers of hunger strikers in Mesa Verde or Golden State Annex." *See* Decl. of Michelle (Minju) Y. Cho. ¶ 2, ECF No. 22-9. Plaintiffs' counsel further states that she "requested a response within two hours" from Ms. Coleman, and she "did not receive a response from…Ms. Coleman during that time frame." *Id.*

The Court's Notice of Electronic Filing indicates that Plaintiffs filed their motion at "10:41 PM PST." *See* ECF No. 22. However, Ms. Coleman responded to Plaintiffs' counsels' email on March 7, 2023, at "7:06:11 PM Eastern Standard Time" stating that she "had not been retained [by GEO] on this case to date," and she did not "know if GEO has been properly served at this point but it has not yet appeared in the case." Decl. of Michelle (Minju) Y. Cho., Ex. 2. In other words, Plaintiffs knew or should have known Ms. Coleman did not represent GEO in this matter before they filed their motion. Thus, it is unclear whether GEO was ever given notice of the instant motion, and Plaintiffs have failed to file a written certification from their attorney setting forth the efforts made to give service to GEO and the reasons why it should not be required to do so.

United States District Court
Northern District of California

Under Federal Rule of Civil Procedure 65(b) and Civil Local Rule 65-1, Plaintiffs must serve GEO with their TRO before the Court can grant it, unless the moving party "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b); *see also* Civ. L.R. 65-1(a)(5) (A motion for temporary restraining order must be accompanied by a declaration by counsel certifying that notice has been provided to the opposing party or explaining why such notice could not be provided.). Should Plaintiffs wish to renew this motion, the moving papers must be served on all defendants before the Court will consider it. Plaintiffs have failed to present persuasive evidence demonstrating that their case falls within the "very few circumstances" justifying the issuance of an ex parte TRO. *See Reno*, 452 F.3d at 1131.

### III.   CONCLUSION

Accordingly, Plaintiffs' motion for an ex parte TRO is **DENIED** without prejudice to refiling. Plaintiffs may file a motion for a preliminary injunction and serve all defendants, including GEO, with the motion and this Order by Friday, March 17, 2023. If these documents are timely served on all defendants, a special set in-person hearing on Plaintiffs' motion for a preliminary injunction will be scheduled for April 24, 2023, at 9:00 a.m. Defendants' oppositions will be due no later than March 31, 2023. Plaintiffs' reply will be due no later than April 14, 2023. Any filed motion must comply with the procedural requirements of Federal Rule of Civil Procedure 65 and Northern District of California Civil Local Rule 65-1.

This Order terminates docket number 22.

**IT IS SO ORDERED.**

Dated: March 8, 2023

TRINA L. THOMPSON
United States District Judge